UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ANGIE'S LIST, INC.,

        Plaintiff,

v.

SERVICEMAGIC, INC.,

        Defendant.

Case No.  1:12-cv-755

## COMPLAINT

Angie's List ("Angie's List"), by counsel, for its Complaint against Defendant, ServiceMagic, Inc. ("ServiceMagic"), states as follows:

### THE PARTIES

1. Angie's List is a Delaware corporation with its principal place of business at 1030 East Washington Street, Indianapolis, Indiana 46202.

2. ServiceMagic is a Delaware corporation with its principal place of business located at 14023 Denver West Parkway, Suite 100, Golden, Colorado 80401.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338, since this action arises in part under the Lanham Act, 15 U.S.C. §§ 1114 and 1125.  This Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over ServiceMagic because it does business in this judicial district, it has committed statutory torts within this judicial district, and it has sufficient contacts to subject it to personal jurisdiction in this judicial district.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim incurred in this district. Specifically, Angie's List suffered injury in this district as a result of ServiceMagic's conduct described herein.

## ALLEGATIONS COMMON TO ALL COUNTS

### Angie's List

6. Angie's List was created in 1995 as a service that allows members to share detailed feedback on experiences, good and bad, with the service providers they have hired.

7. Angie's List, which is now headquartered in Indianapolis, Indiana, has expanded from a 100 square-foot office to an operation that now covers 186 local markets in the United States, and has more than 1.2 million paid members. Notwithstanding this tremendous growth, Angie's List has remained a locally-focused service.

8. Angie's List compiles consumer ratings in over 550 categories of high cost of failure services, such as home, health care and automotive services, and provides consumer-prepared service ratings under the mark ANGIE'S LIST to its members, who pay a subscription fee for the services and information provided by Angie's List.

9. Over the years, consumers have come to trust information on Angie's List to help make the hiring process easier, as well as to raise the level of service they can expect from local companies and service providers. Angie's List's trademarks have become inextricably intertwined with and lead to high expectations of Angie's List's quality and service.

10. To maintain that level of trust, Angie's List devotes significant time and attention to protecting its trademarks and regulating the manner in which service providers are permitted to use and display these trademarks.

## Angie's List's Trademarks

11. Angie's List is the owner of Federal Trademark Registration No. 2,083,451, issued by the United States Patent and Trademark Office (the "USPTO") on July 29, 1997, for the trademark ANGIE'S LIST in Class 35 for "telephone referral service featuring information on home services and products recommended by consumers." This Registration is incontestible within the meaning of 15 U.S.C. § 1065.

12. Angie's List is the owner of Federal Trademark Registration No. 2,775,167, issued by the USPTO on October 21, 2003, for the trademark ANGIE'S LIST in Class 35 for "providing ratings via a global computer network for home products and services recommended by consumers." This Registration is incontestible within the meaning of 15 U.S.C. § 1065.

13. Angie's List is the owner of Federal Trademark Registration No. 3,224,630, issued by the USPTO on April 3, 2007, for the trademark ANGIE'S LIST in Class 35 for "providing a website featuring services ratings of others in the field of home contract services recommended by consumers."

14. Angie's List is the owner of Federal Trademark Registration No. 3,566,414, issued by the USPTO on January 27, 2009, for the trademark ANGIE'S LIST in Class 35 for "Providing consumer information in the field of home contractor products and services featuring consumer rating information, consumer referral information, consumer recommendations, and price discount information."

15. The ANGIE'S LIST mark is in use, is valid, and is in full force and effect. True and accurate copies of the above-cited registrations for the ANGIE'S LIST mark are attached hereto as collective Exhibit A.

16. As described above, Angie's List uses the ANGIE'S LIST mark throughout the United States in promoting and providing its services.

17. As a result of the considerable amount of time and money that Angie's List has invested in the ANGIE'S LIST mark, Angie's List has established substantial goodwill in the ANGIE'S LIST mark.

18. The ANGIE'S LIST mark has come to indicate and stand for the high quality services offered by Angie's List.

19. As a result of Angie's List's extensive and continuous use of the ANGIE'S LIST mark, the mark has become, and continues to be, a valuable property right of Angie's List.

20. As a result of Angie's List's extensive and continuous use of the ANGIE'S LIST mark, the mark has for many years been, and continues to be, a famous mark.

**The Present Dispute**

21. Certain members and potential members access Angie's List's website by first typing "Angie's List" (or a related derivation, such as "Angies List" or "angieslist.com") into a Google search engine. Those search engines are available either through Google.com or through personal searching toolbars that members and potential members have downloaded to their computers/internet browsers.

22. ServiceMagic is a competitor of Angie's List and operates a website that purports to help home-owners find reliable contractors/service providers. ServiceMagic profits from attempting to lure away home-owners who otherwise use or would use Angie's List's website.

23. ServiceMagic has purchased advertisements from Google that misuse the ANGIE'S LIST mark and that are intended to deceive Angie's List's members and potential members. Specifically, ServiceMagic has purchased Angie's List's Mark as a keyword, such that members and potential members of Angie's List who try to reach Angie's List's website by searching for "Angie's List" on Google, receive instead a sponsored link (the "Sponsored Link")

above their actual search results that is intended to and likely to re-direct those members and potential members to ServiceMagic.

24. Upon information and belief, individuals who run searches for website names (such as Angie's List) on Google are accustomed to clicking on the first or near-first link they see. ServiceMagic, in turn, has paid money to Google for a Sponsored Link that is placed at or near the top of the search results for "Angie's List."

25. A true and accurate copy of such a Sponsored Link (as it existed as of May 31, 2012) is attached hereto as Exhibit B. This Sponsored Link is titled "Why Pay For Her List – Our Service is Free."

26. In some instances, the Sponsored Link even displays the ANGIE'S LIST word mark in the text of the link. For example, attached as Exhibit C is a Sponsored Link (as it existed in April 2012) titled "Angie's List Chicago – Bids From ServiceMagic Contractors."

27. In other instances, the Sponsored Link displays a web address that displays the ANGIE'S LIST mark. For example, attached as Exhibit D is a Sponsored Link (as it existed in February 2012) that displays such a link.

28. Members and potential members of Angie's List who select the Sponsored Link, moreover, are re-directed to a webpage hosted by ServiceMagic (the "Landing Page") that contains false and/or misleading information about Angie's List, including its price.

29. Attached as Exhibit E is a screenshot of the Landing Page (as it existed as of May 31, 2012). The Landing Page indicates that the monthly cost of Angie's List's service in the Denver market is $13.75.

30. Attached as Exhibit F is a screenshot of Angie's List's website that shows the monthly cost of Angie's List's service in the Denver market – $3.25.

31. As a result of ServiceMagic's misconduct as alleged herein, Angie's List believes it has lost members and/or potential members to ServiceMagic and Angie's List has incurred (and continues to incur) unnecessary and excessive expenses to combat and mitigate the effects of ServiceMagic's misconduct.

## COUNT I
### Trademark Infringement Under 15 U.S.C. § 1114(1)

32. Angie's List incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

33. ServiceMagic's use of the ANGIE'S LIST mark is without the consent, permission, or authority of Angie's List.

34. ServiceMagic's use in commerce of the ANGIE'S LIST mark is likely to cause confusion or to cause mistake or to deceive consumers. For example, members or potential members who search for "Angie's List" are presented with a Sponsored Link at or near the top of their search results. ServiceMagic's use of "Angie's List" in the Title and URL listed in that Link, moreover, was intended to and likely to confuse members who saw the term "Angie's List" and quickly clicked on the Link.

35. ServiceMagic's use in commerce of the ANGIE'S LIST mark is a knowing and willful infringement of Angie's List's rights within the meaning of 15 U.S.C. § 1114(1)(a). ServiceMagic has, at all relevant times, been aware that Angie's List owns the ANGIE'S LIST mark and, specifically, ServiceMagic has refused to discontinue its purchase of the ANGIE'S LIST mark as a keyword on Google.

36. ServiceMagic has unlawfully and wrongfully derived and, unless enjoined, will continue to derive, income and profits from their infringing conduct. ServiceMagic, in

particular, profits from the individuals who utilize its website instead of using Angie's List's website.

37. Angie's List has been damaged by ServiceMagic's wrongful conduct, both in terms of likely lost members/potential members and the cost of Angie's List's own advertisements to combat the effects of ServiceMagic's misconduct.

## COUNT II
### Unfair Competition Under 15 U.S.C. § 1125(a)

38. Angie's List incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

39. ServiceMagic's acts, practices and conduct constitute unfair competition, false designation of origin, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties in violation of 15 U.S.C § 1125(a).

40. As a direct and proximate result of the ServiceMagic's unfair competition, Angie's List has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

41. ServiceMagic has unlawfully and wrongfully derived and, unless enjoined, will continue to derive, income and profits from its infringing conduct, as more specifically alleged in Paragraph 36 above.

42. Angie's List has been damaged by ServiceMagic's wrongful conduct, as more specifically alleged in Paragraph 37 above.

## COUNT III
### Trade Disparagement Under 15 U.S.C. § 1125(a)

43. Angie's List incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

44. The claims on the Landing Page, including those relating to the price of Angie's List's services, are false, misleading, and material.

45. The claims on the Landing Page were made in interstate commerce.

46. The claims on the Landing Page were made in connection with promoting ServiceMagic's competing website and services. The claims were also made to disparage Angie's List's website and services.

47. Angie's List has been, and continues to be, irreparably harmed by ServiceMagic's acts and will continue to be so harmed unless and until ServiceMagic is restrained by this Court.

48. ServiceMagic's false claims regarding Angie's List has caused damage to Angie's List.

## COUNT IV
## Trademark Dilution Under 15 U.S.C. § 1125(c)

49. Angie's List incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

50. ServiceMagic's unauthorized and infringing use of the ANGIE'S LIST mark has caused and/or is likely to cause dilution of the distinctive quality of Angie's List's famous ANGIE'S LIST mark in violation of 15 U.S.C. § 1125(c). In addition, ServiceMagic's actions are willfully intended to trade on Angie's List's reputation and cause dilution of its famous ANGIE'S LIST mark as described in l5 U.S.C. § 1125(c).

51. ServiceMagic has unlawfully and wrongfully derived and, unless enjoined, will continue to derive, income and profits from their infringing conduct.

52. Angie's List has been damaged by ServiceMagic's wrongful conduct.

## COUNT V
**Trademark Dilution Under Ind. Code § 24-2-1-13.5**

53. Angie's List incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

54. ServiceMagic's acts, practices, and conduct, as alleged herein, violate Ind. Code § 24-2-1-13.5, in that ServiceMagic's unauthorized and infringing use of the ANGIE'S LIST mark has caused and/or is likely to cause dilution of the distinctive quality of Angie's List's famous ANGIE'S LIST mark. In addition, ServiceMagic's actions are willfully intended to trade on Angie's List's reputation and cause dilution of its famous ANGIE'S LIST mark as described in Ind. Code § 24-2-1-13.5(c).

55. ServiceMagic has unlawfully and wrongfully derived and, unless enjoined, will continue to derive, income and profits from their infringing conduct.

56. Angie's List has been damaged by ServiceMagic's wrongful conduct.

## COUNT VI
**Common Law Unfair Competition**

57. Angie's List incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

58. ServiceMagic's acts, practices, and conduct, as alleged herein, constitute common law trademark infringement and unfair competition under the laws of the State of Indiana, in that ServiceMagic has caused and continues to cause a likelihood of confusion, mistake, or misunderstanding as to the source or origin of ServiceMagic's services.

59. As a direct and proximate result of ServiceMagic's unfair competition and/or infringement, Angie's List has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

60. ServiceMagic has unlawfully and wrongfully derived and, unless enjoined, will continue to derive, income and profits from its infringing and unfair conduct.

61. Angie's List is entitled to recover actual and punitive damages for ServiceMagic's infringing conduct and unfair competition.

## COUNT VII
## Tortious Interference

62. Angie's List incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

63. The conduct of ServiceMagic, as set forth above, constitutes interference with the contractual and business relationships of Angie's List with certain customers and business opportunities, which interference has resulted in losses to Angie's List for which ServiceMagic is liable.

64. ServiceMagic was aware of the contract and business relationships and opportunities of Angie's List with which it interfered.

65. Angie's List is entitled to recover from ServiceMagic all damages directly and proximately caused by its interference with Angie's List's contractual and business relationships and opportunities, plus prejudgment interest and expenses.

## COUNT VIII
## Unjust Enrichment

66. Angie's List incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

67. ServiceMagic has received value (namely additional business opportunies and profits) at the expense of Angie's List by engaging in the unlawful and unfair competition/advertising described herein.

68. It would be unjust for ServiceMagic to retain the benefit of the value and goods received without compensating Angie's List for them.

## COUNT IX
### Request for Preliminary and Permanent Injunctive Relief

69. Angie's List incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

70. As a direct and proximate result of ServiceMagic's wrongful conduct as set forth herein, Angie's List has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

71. Angie's List has no adequate remedy at law because the ANGIE'S LIST mark is unique and represents to the public Angie's List's identity, reputation, and goodwill, such that damages alone cannot fully compensate Angie's List for ServiceMagic's misconduct.

72. Unless enjoined by the Court, ServiceMagic will continue in its wrongful conduct, thereby causing Angie's List's irreparable injury. This threat of future injury to Angie's List's business identity, goodwill, and reputation requires injunctive relief to prevent ServiceMagic's wrongful conduct and to ameliorate and mitigate Angie's List's injuries.

### Relief Requested

WHEREFORE, Angie's List respectfully requests that the Court enter judgment in its favor and against ServiceMagic, that the Court award Angie's List injunctive relief and all appropriate monetary damages, and that the Court award Angie's List all other appropriate relief.

        Respectfully submitted,

        ICE MILLER LLP


        <u>/s/ George A. Gasper</u>
        Michael A. Wukmer
        George A. Gasper
        Bradley Stohry

        *Attorneys for Plaintiff, Angie's List, Inc.*

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, Indiana 46282-0200
(317) 236-2100